# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

GREGORY SMITH,

    Plaintiff,

v.

MUNICIPALITY OF ANCHORAGE, et al.,

    Defendants.

Case No. 3:23-cv-00257-SLG

## ORDER RE PENDING MOTIONS

On November 7, 2023, self-represented litigant Gregory Smith ("Plaintiff") filed a civil complaint, a motion to waive the filing fee, a motion for a temporary restraining order, and a motion for expedited consideration.[1] This order addresses the motions pending before the Court.

## BACKGROUND

Plaintiff alleges the Municipality of Anchorage's custom, practice, or policy of abating campsites in accordance with Anchorage Municipal Code § 15.20.020.15 violates his constitutional rights arising under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.[2] Plaintiff seeks "declaratory and injunctive relief against the defendants"[3] on behalf of himself and

---

[1] Dockets 1-4.

[2] Docket 1 at 4.

[3] Docket 1 at 4. *See also* Dockets 4 and 5.

all others similarly situated. Plaintiff also requests expedited consideration of his case and a temporary restraining order due to an "enforcement action" anticipated to occur November 9, 2023.[4]

Liberally construed, Plaintiff's motion seeks an order that would enjoin Defendants from enforcing AMC § 15.20.020.15 today, November 9, 2023, until the resolution of *Smith, et al. v. MOA,* Case No. S-18710, a state court case that is currently pending before the Alaska Supreme Court.[5]

## LEGAL STANDARD

In *Winter v. Natural Resources Defense Council, Inc.*, the United States Supreme Court held that plaintiffs seeking preliminary injunctive relief, including a temporary restraining order, must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest.[6]

The Supreme Court in *Winter* characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[7] Thus, a plaintiff "must demonstrate that in the absence of a preliminary injunction, 'the [plaintiff] is likely to suffer irreparable harm

---

[4] *Id.*

[5] *See* Docket 1 at 4.

[6] 555 U.S. 7, 20 (2008).

[7] *Id.* (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).

Case No. 3:23-cv-00257-SLG, *Smith v. Municipality of Anchorage, et al.*
Order re Pending Motions
Page 2 of 6
Case 3:23-cv-00257-SLG  Document 7  Filed 11/09/23  Page 2 of 6

before a decision on the merits can be rendered.'"[8] "Speculative injury does not constitute irreparable injury . . . . [A] plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief."[9] Moreover, "[t]here must be a 'sufficient causal connection' between the alleged irreparable harm and the activity to be enjoined," such as a "showing that 'the requested injunction would forestall' the irreparable harm."[10] And a plaintiff "must proffer evidence sufficient to establish a likelihood of irreparable harm."[11] This evidence must "go[] beyond the unverified allegations of the pleadings and motion papers."[12] An unverified complaint is not evidence that can support a motion for a preliminary injunction.[13]

---

[8] *Id*. (quoting 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2948.1 (2d ed. 1995)).

[9] *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (emphasis omitted) (first citing *Goldie's Bookstore, Inc. v. Superior Ct. of State of Cal*., 739 F.2d 466, 472 (9th Cir. 1984); and then citing *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980)).

[10] *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 886 F.3d 803, 819 (9th Cir. 2018) (quoting *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 981–82 (9th Cir. 2011)).

[11] *Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1251 (9th Cir. 2013); *see also Perlot v.* Green, 609 F. Supp. 3d 1106, 1116 (D. Idaho 2022) ("A preliminary injunction may only be awarded 'upon a clear showing' of evidence that supports each relevant preliminary injunction factor. 'This "clear showing" requires factual support beyond the allegations of the complaint . . . .'" (citations omitted)).

[12] 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2949 (3d ed. 2020). *C.f.* Fed. R. Civ. P. 65(b) (allowing issuance of temporary restraining order without notice only where "specific facts in the affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.").

[13] *See Perez v. Ryan*, No. CV 19-05602-PHX-MTL (JFM), 2020 WL 995569, at *6 (D. Ariz. Mar. 2, 2020) ("As an initial matter, Plaintiff has failed to present any *evidence* to support his claim for preliminary injunctive relief. Plaintiff's unverified Complaint is not evidence." (internal citations omitted)); *Vardanyan v. Moroyan*, No. C12-05645 HRL, 2013 WL 12091111, at *1 (N.D. Cal. May

Case No. 3:23-cv-00257-SLG, *Smith v. Municipality of Anchorage, et al.*
Order re Pending Motions
Page 3 of 6
Case 3:23-cv-00257-SLG   Document 7   Filed 11/09/23   Page 3 of 6

Injunctive relief is an equitable remedy, and "[t]he essence of equity jurisdiction is the power of the court to fashion a remedy depending upon the necessities of the particular case."[14]

## DISCUSSION

In this case, Plaintiff has not filed a verified complaint or any supporting affidavit or other evidence to demonstrate that he faces an immediate credible threat of adverse action by Defendants that would cause him irreparable injury. The template letters filed with his motions are incomplete and do not include specific instance of civil rights violations.[15]

In addition, a self-represented litigant may represent only his own interests.[16] A non-attorney has "no authority to appear as an attorney for others than

---

1, 2013) ("[Plaintiff] has not supported his motion for TRO with any declarations. He relies almost exclusively upon the allegations of his unverified complaint . . . . None of the other documents appended to his motion have been properly authenticated. . . . On the record presented, the court finds that [plaintiff] has not made a sufficient showing on any of the *Winter* elements."); *Shaterian v. Wells Fargo Bank*, No. C-11-920 SC, 2011 WL 2314151, at *4 (N.D. Cal. June 10, 2011) ("[A] plaintiff may not support a motion for a preliminary injunction by merely pointing to his complaint and the facts alleged therein."); *U.S.A. Express Cab, LLC v. City of San Jose*, No. C-07-06171 RMW, 2007 WL 4612926, at *6 (N.D. Cal. Dec. 31, 2007) ("Arguments in briefing and allegations in unverified complaints cannot serve as the basis for injunctive relief."). *See also Sampson v. Murray*, 415 U.S. 61, 89 (1974) (holding that allegations in unverified complaint did not afford basis for finding of irreparable injury for purpose of preliminary injunctive relief).

[14] *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1022 (9th Cir. 2009) (quoting *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 175 (9th Cir. 1987)).

[15] *See* Docket 4 at 2.

[16] 28 U.S.C. § 1654.

Case No. 3:23-cv-00257-SLG, *Smith v. Municipality of Anchorage, et al.*
Order re Pending Motions
Page 4 of 6
Case 3:23-cv-00257-SLG   Document 7   Filed 11/09/23   Page 4 of 6

himself."[17] Therefore, Plaintiff may not bring claims on behalf of others or represent a class.  Further,

Although he claims Defendants notified Plaintiff of their intent to conduct an enforcement action on November 9, 2023, there is no evidence in the filings to support this claim.  The Court concludes that Plaintiff has not demonstrated that he faces irreparable harm unless enforcement of  AMC § 15.20.020.15 is immediately enjoined. Therefore, the motion for a temporary restraining order at Docket 4 is **DENIED.**

Additionally, Plaintiff has failed to demonstrate that an emergency justifying expedited relief from the Court is warranted. Nonetheless, the Court, having reviewed and considered the filings, has expedited its ruling on the pending motions.  However, the Court will not expedite its screening order.  As explained in the Court's *Standing Order for Self-Represented Litigants* at Docket 6, the Court will review the complaint and issue a Screening Order that will indicate whether the case may proceed in the federal district court in due course.[18]

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motion to waive the filing fee at Docket 3 is **GRANTED.**

2. Plaintiff's motion for a temporary restraining order at Docket 4 is **DENIED.**

---

[17] *See Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); *Cato v. United States,* 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (non-attorney party may not represent other plaintiffs).

[18] *See* 28 U.S.C. §§ 1915, 1915A.

Case No. 3:23-cv-00257-SLG, *Smith v. Municipality of Anchorage, et al.*
Order re Pending Motions
Page 5 of 6
Case 3:23-cv-00257-SLG   Document 7   Filed 11/09/23   Page 5 of 6

3. Plaintiff's motion for expedited consideration at Docket 5 of the motion for a temporary restraining order is **GRANTED.**

DATED this 9th day of November, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00257-SLG, *Smith v. Municipality of Anchorage, et al.*
Order re Pending Motions
Page 6 of 6
Case 3:23-cv-00257-SLG   Document 7   Filed 11/09/23   Page 6 of 6