# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

GREGORY SMITH,

               Plaintiff,

        v.

MUNICIPALITY OF ANCHORAGE, et al.,

               Defendants.

Case No. 3:23-cv-00257-SLG

## SCREENING ORDER

On November 7, 2023, self-represented litigant Gregory Smith ("Plaintiff") filed a civil complaint, a motion to waive the filing fee, a motion for a temporary restraining order, and a motion for expedited consideration.[1] Plaintiff names the Municipality of Anchorage, Mayor Dave Bronson, Health Department Director Kimberly Rash, Parks and Recreation Director Michael Braniff, Chief of Police Michael Kerle, and Municipal Attorney Jessica Willoughby as defendants. Plaintiff alleges the Municipality of Anchorage's custom, practice, or policy of abating campsites in accordance with Anchorage Municipal Code § 15.20.020[2] violates his constitutional rights arising under the Fourth, Eighth, and Fourteenth Amendments

---

[1] Dockets 1-4.

[2] *See* Anchorage Municipal Code §§ 15.20.020 ("Public nuisances prohibited"); 15.20.020(B)(15) ("Prohibited campsites").

to the United States Constitution.[3] Plaintiff seeks "declaratory and injunctive relief against the defendants."[4]

On November 9, 2023, the Court denied Plaintiff's request for a temporary restraining order—construed as a preliminary injunction[5]—because Plaintiff failed to demonstrate that he has standing for purposes of seeking a preliminary injunction and failed to demonstrate an emergency justifying expedited relief.[6]

The Court now screens the Complaint in accordance with 28 U.S.C. §§ 1915, 1915A.

## SCREENING STANDARD

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[7]  In this screening, a court shall dismiss the case at any time if the court determines that the action:

      (i)      is frivolous or malicious;

      (ii)      fails to state a claim on which relief may be granted; or

---

[3] Docket 1 at 4.

[4] Docket 1 at 4. *See also* Dockets 4 and 5.

[5] *See Beaty v. Brewer,* 649 F.3d 1071, 1076 (9th Cir. 2011) (affirming district court's denial of a motion for a temporary restraining order or preliminary injunction that applied the same standard for both forms of requested relief).

[6] Docket 7.

[7] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000).

Case No. 3:23-cv-00257-SLG, *Smith v. Municipality of Anchorage, et al.*
Screening Order
Page 2 of 13

(iii)    seeks monetary relief against a defendant who is immune from such relief.[8]

In conducting its screening review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[9] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[10] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[11]

## DISCUSSION

### I.    Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[12]  To determine whether a complaint states a valid claim for relief, federal courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is

---

[8] 28 U.S.C. § 1915(e)(2)(B).

[9] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[10] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[11] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[12] Fed. R. Civ. P. 8(a)(2).

plausible on its face."[13] Factual allegations must not be speculative; rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]

A complaint should set out each claim for relief separately and include specific facts explaining how each named defendant is involved.[15] There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.[16] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[17]

## II.   Standing

As discussed in the Court's previous order, a plaintiff bears the burden of demonstrating standing, which consists of three elements.[18]  A plaintiff must show (1) an injury in fact, meaning an "invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) causation; and (3) redressability, meaning that "the injury will

---

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In making this determination, a court may consider "materials that are submitted with and attached to the Complaint."  *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[14] *Ashcroft,* 556 U.S. at 678.

[15] *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

[16] *Rizzo,* 423 U.S. at 371; *May v. Enomoto,* 633 F.2d 164, 167 (9th Cir. 1980).

[17] *Id.*

[18] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

likely be redressed by a favorable decision."[19]  At the pleading stage, a trial court must accept as true all material allegations of the complaint, including those that relate to standing, and construe the complaint in favor of the complaining party.[20]  However, a complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[21]  A plaintiff must plead facts to establish he himself has suffered 'some threatened or actual injury resulting from the putatively illegal action[.]'"[22]  Generalized allegations are insufficient to allege a constitutional violation.

### III.    Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[23]

### A. Defendant Municipality of Anchorage

"[M]unicipalities and other local government units … [are] among those persons to whom § 1983 applies."[24] "In order to establish municipal liability, a

---

[19] *Townley v. Miller*, 722 F.3d 1128, 1133 (9th Cir. 2013) (citing *Lujan*, 504 U.S. at 560–61).

[20] *Warth v. Seldin,* 422 U.S. 490, 501 (1975).

[21] *Id.* (internal citations and quotations omitted).

[22] *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (citing *Linda R. S. v. Richard D.*, 410 U.S. 614, 617 (1973)).

[23] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[24] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *see also Hyun Ju Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020) ("A municipality may be held liable as a 'person' under 42 U.S.C. § 1983 when it maintains a policy or custom that causes the

plaintiff must show that a 'policy or custom' led to the plaintiff's injury."[25] "The [Supreme] Court has further required that the plaintiff demonstrate that the policy or custom of a municipality 'reflects deliberate indifference to the constitutional rights of its inhabitants.' "[26]

### B. Claims Against Defendants in their Official Capacities

The Complaint does not clearly indicate the capacity in which the named Defendants are being sued. But based on Plaintiff's requested declaratory and injunctive relief,[27] it appears that Plaintiff intends to bring suit against defendants in their official capacities. An official capacity suit against a public employee is equivalent to a suit against his or her employer,[28] and "the real party in interest in an official-capacity suit is the governmental entity and not the named official[.]"[29] Accordingly, Plaintiff's official capacity claims against the city employees that challenge the enforcement of a provision of the Anchorage Municipal Code are

---

deprivation of a plaintiff's federally protected rights.").

[25] *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978)).

[26] *Castro*, 833 F.3d at 1060 (quoting *City of Canton v. Harris*, 489 U.S. 378, 392 (1989)).

[27] *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (directing district courts to examine the nature of the proceedings to determine the capacity in which a defendant is sued); *see also Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) (Where the plaintiff is seeking damages against a state actor, a strong presumption is created in favor of a personal-capacity suit because an official-capacity suit for damages would be barred.).

[28] *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Hartmann,* 707 F.3d at 1127.

[29] *Hafer v. Melo,* 502 U.S. 21, 25 (1991). *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) (Where the plaintiff is seeking damages against a state actor, a strong presumption is created in favor of a personal-capacity suit because an official-capacity suit for damages would be barred.).

redundant with his claim against the Municipality of Anchorage; accordingly, these claims should be dismissed.[30]

### C. Plaintiff's Claims

As explained above, Plaintiff has failed to establish that he has standing to challenge Anchorage Municipal Code § 15.20.020. Similarly, although he cites violations of the Fourth, Eighth, and Fourteenth Amendment, he has not provided any facts to support his claims. The Complaint states Defendants notified Plaintiff[31] of their intent to conduct an enforcement action on November 9, 2023.[32] Similarly, the template letters filed with his motions are incomplete and do not include specific instance of alleged civil rights violations.[33] It is unclear from the filings whether these alleged enforcement actions "have occurred on an ongoing basis" or if this is—as it appears to be—simply boilerplate language.[34] Further, although Plaintiff indicated he is "Houseless (Davis Park)," he has not pleaded facts

---

[30] *See Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Dep't,* 533 F.3d 780, 799 (9th Cir. 2008) ("When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant."), *cert. denied,* 555 U.S. 1098 (2009); *Contreras ex rel. Contreras v. Cnty of Glenn,* 725 F. Supp. 2d 1157, 1159-60 (E.D. Cal. 2010) ("When a plaintiff has sued both an officer in his/her official capacity and sued his/her employer, the [official] capacity suit is dismissed as redundant.").

[31] Plaintiff attempted to bring suit on behalf of himself and others similarly situated. However, as the Court previously explained, non-attorney litigants may only represent their own interests. Docket 7.

[32] Docket 1 at 4.

[33] *See* Docket 4 at 2; Docket 5 at 2.

[34] Docket 4 at 2.

regarding when or where any alleged enforcement actions actually occurred, what notice was provided, Plaintiff's involvement in such enforcement actions, the availability of other shelter, whether property was seized or destroyed, whether civil or criminal penalties were imposed, or any other information to support Plaintiff's claims. While the Court must liberally construe a complaint and resolve all doubts in favor of the self-represented litigant,[35] liberal interpretation "may not supply essential elements of the claim that were not initially pled."[36]

Under current Ninth Circuit caselaw, "local governments cannot penalize homeless individuals, or criminally cite them for merely sleeping outdoors, unless the local governments offer the homeless an adequate place to shelter, *e.g.,* an indoor shelter bed or an alternative campsite."[37] Under *Martin*, some regulation of camping by a city is permissible so long as there are still areas where the unhoused can sleep throughout the city. The *Martin* court wrote "we in no way dictate to the City that it must ... allow anyone who wishes to sit, lie, or sleep on the streets ... at any time and at any place.[38] Federal courts applying *Martin* have found it constitutional to impose geographical limits on camping so long as there is

---

[35] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

[36] *Litmon v. Harris,* 768 F.3d 1237, 1241 (9th Cir. 2014) (quoting *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir.1992)).

[37] *Roark v. Richardson Bay Regional Agency, et al.,* Case No. 22-CV-07610-WHO, 2023 WL 8360057, at *13 (N.D. Cal. Dec. 1, 2023) (citing *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019) and *Johnson v. City of Grants Pass*, 72 F.4th 868 (9th Cir. 2023)).  )

[38] 920 F.3d at 617.

somewhere else that an unhoused person can sleep within city limits.[39] Courts have also considered under what circumstances the clearing of homeless encampments or confiscation/destruction of property amounts to a violation under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitutions.[40]

However, these cases are heavily fact dependent and do not confer upon individuals a right to shelter where they wish.[41] For example, in *Gomes v. County of Kauai*, the district court found no *Martin* violation where camping was disallowed in one park in the city.[42] Additionally, the Ninth Circuit recently held that

---

[39] *See Sausalito/Marin Cnty. Chapter of California Homeless Union v. City of Sausalito*, 2021 WL 5889370, at *2 (N.D. Cal. 2021) ("*Martin* prohibits a ban on all camping, not the proper designation of permissible areas.").

[40] *See, e.g., Janosko v. City of Oakland,* 2023 WL 187499, at *3 (N.D. Cal. 2023) (finding eviction of residents of encampment during severe rainstorms and pandemic presented serious questions on merits of state-created danger claim, as removing residents would affirmatively expose unhoused to harsher, more dangerous conditions compared to remaining at the camp); *Fund for Empowerment v. City of Phoenix,* Case No. CV-22-02041-PHX-GMS, 2022 WL 18213522 1 (D. Ariz. 2022) (challenging the City of Phoenix, Arizona's policies policing homelessness and its treatment of unhoused individuals regarding the unreasonable seizure and destruction of their property during homeless encampment sweeps); *Lavan v. City of Los Angeles,* 693 F.3d 1022, 1030 (9th Cir. 2012) (affirming district court's conclusion that the Fourth Amendment protects homeless individuals from seizure and summary destruction of their unabandoned, but temporarily unattended, personal property).

[41] *Sausalito/Marin Cnty. Chapter of California Homeless Union v. City of Sausalito*, 2021 WL 5889370, at *4 (N.D. Cal. 2021) (allowing relocation of encampment by the city provided conditions abating danger, including provision of wooden platforms, afforded); *Cobine v. City of Eureka*, 2016 WL 1730084, at *8 (N.D. Cal. 2016) (allowing enforcement of anti-camping ordinance so long as conditions were met by the city including storage of belongings of unhoused persons and providing emergency shelter). *But see Justin v. City of Los Angeles,* 2000 WL 1808426, at *11 (C.D. Cal. 2000) (risk of violation of constitutional rights outweighs risk that injunction may slow city's efforts to keep the city clean and safe and may disturb the city's "new initiative to revitalize and uplift communities, to improve the streets and sidewalks, and to diminish the crime rate.").

[42] 481 F. Supp. 3d 1104, 1109 (D. Haw. 2020); *see also Boring v. Murillo* 2022 WL 14740244

under *Martin* and *Johnson II*, "a person who has refused a specific offer of available shelter is not involuntarily homeless" and remanded the case "for the district court to clarify that the preliminary injunction applies only to the City's enforcement of the enjoined laws as to the *involuntarily* homeless."[43]

Then, on January 12, 2024, the Supreme Court of the United States granted a petition for a writ of certiorari to address the following question: "[d]oes the enforcement of generally applicable laws regulating camping on public property constitute[s] 'cruel and unusual punishment' prohibited by the Eighth Amendment?"[44] Thereafter, on February 23, 2024, another district court in the Ninth Circuit suspended judicial proceedings and judgments[45] in a similar case challenging "San Francisco's enforcement of laws prohibiting sitting, sleeping, lying, and/or camping in public[.]"[46]  While the case going to the Supreme Court only involves the Eighth Amendment, the district court found the other claims to be overlapping since they "appear to be based on the same allegations as his Eighth Amendment claims."[47]

---

(C.D. Cal. 2022) (finding statute sound if moving unhoused from downtown to residential areas).

[43] *Coal. on Homelessness v. City & Cnty. of San Francisco* ("Coalition II"), Case No. 23-15087, 2024 WL 125340, at *1 (9th Cir. 2024) (emphasis added).

[44] *Grants Pass, OR v. Johnson,* Case No. 23-175, 2024 WL 133820, at *1 (U.S. 2024); Docket No. 204-1 (George Decl. Jan. 17, 2024) ¶ 2, Ex. A (Certiorari Petition).

[45] *See* STAY, Black's Law Dictionary (11th ed. 2019) (defining a stay as an order to suspend all or part of a judicial proceeding or a judgment resulting from that proceeding).

[46] *Coal. on Homelessness v. City & Cnty. of San Francisco, et al.,* Case No. 4:22-cv-05502-DMR, Docket 222 (order granting in part defendants' motion to stay) (N.D. Cal. 2024).

[47] *Id.*

## CONCLUSION

The Complaint fails to provide sufficient facts, that if proven, could state a plausible claim for relief. However, the Court grants Plaintiff 60 days leave to file an amended complaint. An amended complaint replaces the prior complaint in its entirety.[48] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[49] An amended complaint need not contain legal research or analysis, but each claim must contain sufficient facts that state a plausible claim for relief. A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. An amended complaint should not contain a narrative and it need not contain or have attached to it camping or housing records or other documentation.

Although Plaintiff has been given the opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated claims.[50] An amended complaint may not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. An amended complaint must set out each claim for relief separately. Each claim should identify (1) the specific injury that the plaintiff is alleging has occurred, (2) when that injury

---

[48] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[49] Fed. R. Civ. P. 8(a)(2).

[50] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

occurred, (3) where that injury was caused, and (4) who the plaintiff is alleging caused that specific injury.

However, the Court notes that even if Plaintiff states a plausible claim in any amended complaint, the Court may postpone proceedings in this case until after the Supreme Court issues an opinion in the *Grants Pass* case.[51]

**IT IS THEREFORE ORDERED:**

1.      The Complaint at Docket 1 is **DISMISSED** for failing to state a to state a claim upon which relief could be granted. The Court grants Plaintiff leave to file an amended complaint for damages in accordance with the guidance provided in this order.

2.  Plaintiff is accorded **60 days** from the date of this order to file **one of the following:**

    a.  <u>An Amended Complaint</u>, in which Plaintiff restates the claims to address the deficiencies identified in this order.  An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; **OR**

    b.  <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

---

[51] *See Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) (a court may "enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

3.     If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form**,** the case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

4.     With this order, the Clerk is directed to send: (1) form PS15, with "FIRST AMENDED" written above the title "Complaint for Violation of Civil Rights (Non-Prisoner Complaint)"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 5th day of March 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE