**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

GREGORY SMITH,

        Plaintiff,

        v.

MUNICIPALITY OF ANCHORAGE, et al.,

        Defendants.

Case No. 3:23-cv-00257-SLG

**ORDER OF DISMISSAL**

On March 5, 2024, the Court issued a screening order providing self-represented litigant Gregory Smith ("Plaintiff") with 60 days to file an amended complaint or a notice of voluntary dismissal.[1] The order was not conventionally served on Plaintiff because he has not provided a mailing address to the Court.[2] However, the Clerk's office was instructed to provide a courtesy copy to Plaintiff if he came into the Court in person or updated his address. To date, Plaintiff has not responded or otherwise contacted the Court regarding this case.

The Local Civil Rules of the District of Alaska require parties to provide current contact information to the Court and all parties.[3] The Court may dismiss

---

[1] Docket 8.

[2] Plaintiff indicates he is homeless and primarily stays in Davis Park.

[3] *See* Local Civil Rules 11.1(b)(2) (requiring self-represented parties must keep the court and other parties advised of the party's current address and telephone number") and 11.1(b)(3) (allowing the Court to dismiss a case when a self-represented party fails to update their address and any orders or other mail is returned as undeliverable).

an action for failure to comply with a local rule[4] or failure to comply with any order of the Court.[5] Before dismissing a complaint for failure to comply with an order or local rule, courts in the Ninth Circuit must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6] Though not strictly required, it is "preferred" that a court "make explicit findings in order to show that it has considered these factors."[7]

Having considered these factors, this case must be dismissed. Dismissal without prejudice "minimizes prejudice to a defendant and preserves a plaintiff's ability to seek relief."[8] The Court finds no other lesser sanction to be satisfactory or effective in this case.[9] Therefore, this case is dismissed, without prejudice, for

---

[4] *Thompson v. Housing Auth. of L.A.,* 782 F.2d 829, 831 (9th Cir. 1986).

[5] Federal Rule of Civil Procedure 41(b). *See also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

[6] *See Ferdik,* 963 F.2d at 1260–61 (first citing *Thompson v. Housing Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986); and then citing *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986)).

[7] *Id.*

[8] *Alli v. City and County of San Francisco*, 2022 WL 3099222 (N.D. Cal. 2022) (internal citations omitted).

[9] *See, e.g., Henderson,* 779 F.2d at 1424 (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted); *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead).

failing to follow a court order and failure to prosecute this action.

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. All pending motions are **DENIED AS MOOT.**

3. The Clerk of Court shall issue a final judgment.

DATED this 6th day of May 2024, at Anchorage, Alaska.

                                                */s/ Sharon L. Gleason*
                                                UNITED STATES DISTRICT JUDGE