# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGORY SMITH,<br><br>                Plaintiff,<br><br>                v.<br><br>MUNICIPALITY OF ANCHORAGE,<br><br>                Defendant. | Case No. 3:23-cv-00257-SLG |

## ORDER DIRECTING SERVICE & RESPONSE

On May 22, 2024, self-represented litigant Gregory Smith ("Plaintiff") filed an Amended Complaint.[1] The Court has now screened the Amended Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. In the Amended Complaint, Plaintiff brings his claims only against the Municipality of Anchorage. Liberally construed,[2] the Amended Complaint contains sufficient facts, that accepted as true, state a plausible claim under the Fourth and Fourteenth Amendments—because the seizure and destruction of Plaintiffs' property may have been unreasonable, and the allegedly inadequate notice raises a due process issue.

Plaintiff's case will not be summarily dismissed at this time but may proceed

---

[1] Docket 12.

[2] *See Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam)); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted) (holding a federal court must accept the allegations as true, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor).

to the next stage of litigation. The Court has jurisdiction under 28 U.S.C. § 1331.

**IT IS THEREFORE ORDERED:**

1. Liberally construed, the Amended Complaint contains sufficient facts, that accepted as true, state plausible claims for relief under the Fourth and Fourteenth Amendments.

2. The Clerk of Court is directed to change the caption of this suit to identity the Municipality of Anchorage as the only defendant.

3. Plaintiff shall proceed with the steps outlined in this order to ensure that service of process on Defendant is completed no later than **ninety (90) days from the date of this order**.[3] This means that within 90 days of the date of this order, Plaintiff must complete initial service of the Amended Complaint and Court-issued Summons in a manner authorized by Rule 4 of the Federal Rules of Civil Procedure, and file with this Court proof that such service has been completed.

4. Plaintiff must be ready to diligently pursue the case to completion. Missing a deadline or failing to pursue a case may result in the dismissal of this action.

5. The Clerk of Court shall send **one summons (AO 440)** to Plaintiff with this order.

6. Plaintiff must complete the summons for the Municipality of Anchorage and return it to the Court.

---

[3] *See* Fed. R. Civ. P. 4(m).

Case No. 3:23-cv-00257-SLG, *Smith v. Municipality of Anchorage*
Order Directing Service & Response
Page 2 of 7
Case 3:23-cv-00257-SLG   Document 14   Filed 10/21/24   Page 2 of 7

7. If the summons has been properly completed by Plaintiff, it will be issued by the Clerk and return to Plaintiff. Plaintiff should make copies for his records.

8. Plaintiff must follow Rule 4(j)(2) "Serving a State or Local Government" to properly effectuate service upon the Municipality of Anchorage. The Court provides the text of Rule 4(j)(2) for Plaintiff's guidance:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.[4]

9. The requirements of service are not considered met unless proof of service is filed with the Court within **ninety (90) days of this order**.[5]

10. Defendant shall have **21 days** after being served with the Amended Complaint and Court-issued summons to file an Answer or otherwise respond.

11. All future papers sent to the Court must be identified with the name of the Court, the case number, the name of Plaintiff and name of Defendant, and the title of the document, as illustrated on the first page of this order.[6]

---

[4] Alaska Rule of Civil Procedure 4(d)(9) sets forth the state rule for serving public corporations.

[5] Fed. R. Civ. P. Rule 4(l)(1).

[6] *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.").

Case No. 3:23-cv-00257-SLG, *Smith v. Municipality of Anchorage*
Order Directing Service & Response
Page 3 of 7
Case 3:23-cv-00257-SLG    Document 14    Filed 10/21/24    Page 3 of 7

12. After Defendant has appeared in this action, Plaintiff shall serve a copy of all his further filings to the Court upon the attorney(s) that appears for Defendant.[7] Plaintiff shall include with any original paper he files with the Court a certificate stating the date on which an exact copy of the document was mailed to Defendant's counsel. A Certificate of Service may be written in the following form at the end of the document:

> I hereby certify that a copy of the above (name of document) was mailed, first class, U.S. mail, to (name of Defendant's attorney) at (address) on (date).
>
> (Signature)

Any paper received by a District Judge or Magistrate Judge that does not include a Certificate of Service indicating that Defendant was served with a copy of that document will be disregarded by the Court.

13. A motion should contain the information identified in the caption of this order and should be titled "Motion for (add the relief requested)." In a motion, a party should state specifically and concisely what he or she wants so that the Court understands what the party is requesting, along with any relevant legal authority that supports the party's request. This Court's Local Civil Rule 7.1(b) requires that each motion be filed with a proposed order that the Court can issue if the motion is granted. The proposed order helps to clarify what the moving party is asking the Court to do.

---

[7] *See* Fed. R. Civ. P. 5.

Case No. 3:23-cv-00257-SLG, *Smith v. Municipality of Anchorage*
Order Directing Service & Response
Page 4 of 7

14. All documents filed with the Clerk of Court must contain an original signature. Self-represented litigants must file all documents conventionally, unless otherwise permitted by an order of the Court.[8] Conventional filing means the original paper documents are provided to the Clerk's office either in person or by mail.[9] If filing by mail, the documents must be mailed to the Court at the following address:

> U.S. District Court
> 222 West 7th Avenue, #4
> Anchorage, Alaska 99513

15. When a litigant mails a document to the Court, the litigant will receive a Notice of Electronic Filing ("NEF") from the Court that will indicate when that document was filed on the docket and the docket number of the document in the electronic case file for the case.

16. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send important original documents or documents that cannot be replaced to the Court. If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

---

[8] *See* Federal Rules of Civil Procedure, including Fed. R. Civ. P. 5, 5.2, and 6, and Local Civil Rules 5.3, 7.3, 7.5, and 79.2(c).

[9] Local Civil Rule 1.1(b)(5).

Case No. 3:23-cv-00257-SLG, *Smith v. Municipality of Anchorage*
Order Directing Service & Response
Page 5 of 7
Case 3:23-cv-00257-SLG   Document 14   Filed 10/21/24   Page 5 of 7

17. Copies of documents filed with the Court may be obtained from the Clerk's Office for $0.50 per page.[10] There is no charge for viewing case information or documents at courthouse public access terminals. Documents printed from the public access kiosk cost $0.10 per page. Litigants also may set up their own account for online access to electronic records through the Public Access to Court Electronic Records (PACER) service. If a plaintiff chooses to access court records electronically through PACER, the fee is $0.10 per page retrieved, and the charge for any single document has a cap of $3.00, which is equivalent to 30 pages.[11] PACER does not charge for access until an account holder accrues charges of more than $30.00 in a quarterly billing cycle.[12] In the event of special circumstances or serious financial need, a litigant may file a motion asking for the copying costs to be waived or reduced prior to accruing charges.[13]

18. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[14]

---

[10] Alaska Local Civil Rule 79.2(b).

[11] PACER, Electronic Public Access Fee Schedule, https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (last accessed June 27, 2023).

[12] PACER, Pricing Frequently Asked Questions, https://pacer.uscourts.gov/help/faqs/pricing (last accessed June 27, 2023).

[13] *Cf.* Local Rule 3.1(c)(3) (requiring applications to proceed without paying the filing fee be "fully completed signed *before* an application to waive prepayment of fees will be considered.") (emphasis added). *See also* PACER, Options to Access Records if You Cannot Afford PACER Fees, https://pacer.uscourts.gov/my-account-billing/billing/options-access-records-if-you-cannot-afford-pacer-fees (last accessed June 27, 2023).

[14] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:23-cv-00257-SLG, *Smith v. Municipality of Anchorage*
Order Directing Service & Response
Page 6 of 7
Case 3:23-cv-00257-SLG    Document 14    Filed 10/21/24    Page 6 of 7

Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

19. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[15] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in dismissal of the case without further notice to Plaintiff.

20. All case-related inquiries should be directed to the Clerk's Office. It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to your case. A plaintiff may contact the Clerk's Office for questions regarding Court procedures or assistance accessing legal forms and resources. Please note that Clerk's Office staff are prohibited by law from providing legal advice.

DATED this 21st day of October 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[15] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:23-cv-00257-SLG, *Smith v. Municipality of Anchorage*
Order Directing Service & Response
Page 7 of 7
Case 3:23-cv-00257-SLG    Document 14    Filed 10/21/24    Page 7 of 7